■ In the Matter of DILLARD LEAKE, Petitioner, v. BERTRAM D. SARAFAN et al., Constituting the State Liquor Authority, Respondent.— Proceeding pursuant to article 78 of CPLR to review respondent's determination, dated December 29, 1972, which suspended petitioner's on-premises liquor license for 10 days. Determination annulled, on the law, without costs. Petitioner is the licensee of a tavern in Queens. His license was suspended for violation of subdivision 6 of section 106 of the Alcoholic Beverage Control Law in that he allegedly " suffered or permitted " gambling on the premises. On three different dates, and for a total period of at least five to six hours, a police officer sat in the premises and watched a woman take money and make notations on pieces of paper. When arrested and searched in the premises, this woman was found to be carrying several policy slips. She was not an employee of petitioner. Petitioner was in the premises during a period of police observation only on the last date and then for only about an hour, in the course of which he was preoccupied with inventory stocking and other activities in connection with the operation of the premises. While the evidence adduced at the hearing clearly indicates that gambling was taking place on the premises, it is our opinion that the evidence was insufficient to impute the requisite knowledge on the part of the licensee (*Matter of 2125 Barney's* v. *New York State Liq. Auth.*, 16 A D 2d 252; *Matter of Conservative Grouping Corp.* v. *Epstein*, 10 N Y 2d 956; *Matter of Triple S. Tavern* v. *New York State Liq. Auth.*, 40 A D 2d 522). Latham, Shapiro and Gulotta, JJ., concur; Munder, Acting P. J., and Benjamin, J., dissent and vote to confirm the determination and dismiss the petition.